IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| T. Terell Bryan,<br><br>        Plaintiff,<br><br>vs.<br><br>Warden Stevens,<br><br>        Defendant. | C/A No. 1:10-2106-TLW-SVH<br><br><br>REPORT AND RECOMMENDATION |

Terence Terell Bryan ("Petitioner"), a pro se state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to the provisions of 28 U.S.C. §636(b) and Local Rule 73.02(B)(2) D.S.C., the undersigned is authorized to review such petitions and submit findings and recommendations to the district court. For the reasons that follow, the undersigned recommends the district judge dismiss the petition in this case without prejudice and without issuance and service of process.

I.      Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this *pro se* petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989);

*Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This court is required to liberally construe *pro se* documents. *Estelle v. Gamble*, 429 U.S. 97 (1976). Such *pro se* documents are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Even under this less stringent standard, this *pro se* petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Serv.*, 901 F.2d 387 (4th Cir. 1990).

II. Discussion

Petitioner indicates he entered a guilty plea on December 1, 1998 in the Hampton County Court of General Sessions to the offenses of manslaughter, assault and battery of a high and aggravated nature (ABHAN), driving under suspension, and failure to stop for a blue light. *See* Petition 1. Petitioner was sentenced to confinement for thirty years for the manslaughter conviction, ten years for the ABHAN conviction, three years for failure to stop for a blue light, and sixty days for driving under suspension, all to be served concurrently. *Id.* Petitioner states that he did not file a direct appeal of his convictions. However, he did file an application for post-conviction relief (PCR), which was

subsequently denied. *Id.* at 3-4. Petitioner filed a second PCR action, which was also denied. *Id.* at 4-5. Petitioner appealed the denial of his PCR application to the South Carolina Supreme Court, which denied *certiorari*. *Id.* at 5.

The present petition is the second § 2254 action filed by Petitioner with respect to his convictions.[1] Petitioner's first petition, C/A No. 4:09-2117-TLW-TER, resulted in a grant of summary judgment for the Respondent on July 21, 2010. In the order adopting the Magistrate Judge's recommendation, the District Judge concurred with the Magistrate Judge's conclusion that the petition in C/A No. 4:09-2117-TLW-TER was untimely under the statute of limitations in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") statute of limitations.

Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals. *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). Specifically, 28 U.S.C. § 2244(b)(3)(A) requires a prospective applicant to file in the court of appeals a motion for leave to file a second or successive habeas application in the district court. § 2244(b)(3)(A). A three-judge panel has 30 days to determine whether "the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." § 2244(b)(3)(C); *see* §§

---

[1] The court may take judicial notice of proceedings in a prior suit with the same parties. *Mann v. Peoples First Nat. Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954); *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("'[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.'").

2244(b)(3)(B), (D). In order for this court to consider a second or successive § 2254 petition, Petitioner must obtain a Pre-Filing Authorization from the United States Court of Appeals for the Fourth Circuit under 28 U.S.C. § 2244(b)(3). *See In re: Williams*, 330 F. 3d 277 (4th Cir. 2003); *In re: Fowlkes*, 326 F. 3d 542 (4th Cir. 2003). Petitioner can obtain the necessary forms from the Clerk's Office of the United States Court of Appeals for the Fourth Circuit. The mailing address of the Clerk's Office of the United States Court of Appeals for the Fourth Circuit is 1100 East Main Street-Suite 501, Richmond, Virginia 23219-3517.

Because Petitioner did not obtain authorization from the Fourth Circuit Court of Appeals to file the petition in the district court, this court does not have jurisdiction to consider it.

III. Conclusion

Accordingly, it is recommended that the petition for a writ of habeas corpus in the above-captioned case be dismissed without prejudice and without issuance and service of process upon the Respondent. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding that federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return).

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

September 23, 2010  Shiva V. Hodges
Florence, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**